# In the MATTER OF JEFFREY L. SHROM, An Attorney and Counselor at Law, Respondent.

No. 90-023.
Nov. 8, 1990.
246 Mont. 333.
806 P.2d 23.

## ORDER OF DISBARMENT

On the 19th day of April, 1990, the Commission on Practice conducted a hearing on the Matter of Jeffrey L. Shrom, an attorney and counselor at law. At the hearing, Mr. Shrom was present and represented by his attorney, Mr. William Dee Morris, and the special prosecutor, Charles W. Schuyler, was also present. Following the hearing, on the 30th day of June, 1990, the Commission entered its Findings of Facts and Conclusions of Law, and Recommendations, recommending that Jeffrey L. Shrom be disbarred from the practice of law and be ordered to pay the costs of proceedings.

We adopt the recommendations of the Commission and hereby disbar Jeffrey L. Shrom from the practice of law in Montana and order him to pay the costs of the proceedings.

The course of conduct by the respondent that has lead up to this order is as follows:

The respondent, Jeffrey L. Shrom, as a duly licensed attorney at law in the state of Montana, was suspended from the practice of law on an interim basis by an order of the Supreme Court dated January 9, 1990 under Rule 16(D)1 Rules for Lawyer Disciplinary Enforcement for having been convicted of a "serious crime." At the time of the order of suspension for the conviction, the respondent Shrom had been and still was suspended from the practice of law for nonpayment of membership dues in the State Bar of Montana.

On November 28, 1989, The District Court of the Fourth Judicial District entered judgment against Respondent for issuing bad checks, a felony, and that the amount of said checks exceeded the sum of $1,000 and no appeal was taken from that conviction by the respondent. It was for this conviction that the respondent was ordered suspended from the practice of law by this court in January of 1990. The Court notes the respondent has made full restitution to the parties for the bad checks he issued.

A client of respondent, Ronald J. Allison, filed a complaint with Commission on Practice against the respondent who was notified by the Commission on Practice of Mr. Allison's complaint, but failed to respond to the notice from the Commission either orally or in writing.

Respondent was retained by Ronald J. Allison who paid him $750 to pursue an appeal in the 9th Circuit Court of Appeals and respondent failed to take the necessary action to perfect the appeal. He had no written memorandum of his agreement with Ronald J. Allison.

On August 18, 1989, respondent was convicted of criminal contempt for failure to appear at the sentencing of his client of record before the Honorable Richard A. Enslen in the United States District Court, Western District of Michigan, and accepted respondent's plea of guilty and sentenced him to 30 days of incarceration with credit served and a fine of $260 to cover court costs which respondent never paid.

Respondent represented to Judge Enslen that the Montana check charge against him involved only a single check when in fact there were several bad checks. Respondent was suspended by the State Bar of Montana on July 15, 1986, for noncompliance with court rules for mandatory Continuing Legal Education and for failure to pay dues to the State of Montana. He subsequently represented a client in two jury trials in Federal Court in San Diego, California, while he was suspended from the practice of law in Montana and that he was admonished on November 18, 1988, by the U.S. Court of Appeals for the Third Circuit for failure to diligently prosecute his client's cause.

That respondent filed his objections to the findings of facts and conclusions of law without serving a copy on the Special Prosecutor. The Special Prosecutor received a copy on September 12, 1990.

In the response to the Commission's Findings of Fact, Conclusions of Law and Recommendations Shrom objects to Findings No. 10, 11, and 12 and incorporates his June 11, 1990 Response to the findings and recommends that Mr. Shrom not be disbarred and after probation on the felony conviction has been successfully completed the Court can fashion sanctions at that time. Finding No. 10 of the Commission says, "Respondent failed to respond to the notice from the Commission on Practice either orally or in writing."

The record shows that Shrom received two written letters from the Commission and he did receive them without responding to them. He misrepresented the service and his claim of response to the federal court system.

Findings 11 and 12 are findings by the Commission that relate to the Allison appeal. Respondent claims the $750 paid to him was for services already performed and that no appeal was to be taken by him on behalf of M. Allison. The Commission found otherwise and we adopt those findings here.

THEREFORE, it is hereby ordered that the recommendation of the Commission on Practice for disbarment of Jeffrey L. Shrom be adopted by this Court. That Jeffrey L. Shrom is hereby disbarred immediately from any further practice of law in the state of Montana. Three copies of this order shall be served by ordinary mail by the Clerk of this Court upon Jeffrey L. Shrom at his last known address as shown on the record to this Court, upon his counsel of record, and by such other parties as are specified in Rule 14 of the Rules for Lawyers' Discipline and Enforcement.

DATED this 8th day of November, 1990.

s/ J.A. Turnage, Chief Justice
s/ William E. Hunt, Sr., Justice
s/ Diane G. Barz, Justice
s/ R. C. McDonough, Justice
s/ John Conway Harrison,
s/ Justice Fred J. Weber, Justice
s/ John C. Sheehy, Justice